IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STANLEY CHAMPION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | |
| HYUNDAI POWER TRANSFORMERS ) | |
| USA, INC., ) | |
| ) | PLAINTIFF DEMANDS |
| Defendant. ) | TRIAL BY STRUCK JURY |

## COMPLAINT

### JURISDICTION AND VENUE

1. This Complaint seeks legal and equitable relief to redress Defendant's violations of Plaintiff rights secured by the following:

   a. Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*

   b. Americans with Disabilities Act, as amended ("ADAA"); 42 U.S.C. 12101, et seq. and the Civil Rights Act of 1991, 42 U.S.C. 1991, 42 U.S.C. 1981a.

2. Jurisdiction is proper pursuant to the following:

   a. 28 U.S.C. §§ 1331, 1332, 1343 and 1367; and,

1

  b. 42 U.S.C. § 2000e-5(f)(3).

3. Venue lies within the Northern Division of the Middle District of Alabama under 28 U.S.C. § 1391.

## PARTIES

4. Stanley Champion (hereinafter "Plaintiff") brings this action based on the illegal employment practices by Defendant Hyundai Power Transformers USA, Inc. Plaintiff is a resident of Autauga County, Alabama, and is over the age of nineteen (19). Plaintiff was employed by Defendant Hyundai Power Transformers USA, Inc., in Montgomery, Alabama, at all times relevant to this Complaint.

5. Hyundai Power Transformers USA, Inc. (hereinafter "Defendant" or "HPT") is a foreign corporation conducting business in Montgomery County, Alabama. HPT is an employer as that term is defined under both FMLA and ADAA.

## NATURE OF ACTION

6. This is an action to redress grievances resulting from Defendant HPT's unlawful employment practices, including violations of FMLA and ADAA.

7. Plaintiff seeks declaratory and injunctive relief, back pay, front pay, an award of compensatory, punitive, and mental anguish damages, attorney fees, costs, interest, and any and all such other relief the trier of fact may assess.

## ADMINISTRATIVE PROCEDURES

8. On February 22, 2021, within 180 days of learning of the acts of discrimination of which he complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") alleging disability discrimination under the ADAA. **(Attached herein as Exhibit A).**

9. On June 24, 2022, the EEOC issued Plaintiff a Notice of Right to Sue which was received by Plaintiff on or about June 24, 2022. **(Attached herein as Exhibit B).**

10. Plaintiff has exhausted all administrative remedies and satisfied all prerequisites for bringing this action.

## STATEMENT OF FACTS

11. Plaintiff is a 55-year-old Caucasian male who worked more than one year and worked more than 1,250 hours during the 12 month period preceding the date of his need for leave.

12. Plaintiff began his employment with Defendant in Montgomery, Alabama, in January 2017 in the Winding Department.

13. In June 2020, Plaintiff applied for FMLA leave due to a serious medical condition involving his heart and associated arteries.

14. Plaintiff's FMLA leave was approved and began on June 25, 2020.

15. On June 25, 2020, Plaintiff underwent an EKG with his cardiologist, which revealed arterial blockage requiring urgent surgery.

16. On August 6, 2020, Plaintiff had open heart surgery to repair a defective heart valve and remove arterial blockage.

17. After the surgery, Plaintiff experienced ongoing shortness of breath, weakness, tiredness, and less stamina.

18. Defendant HPT insisted that Plaintiff return to work before his twelve (12) weeks of leave had been exhausted.

19. Defendant HPT insisted that Plaintiff return to work on August 29, 2020; however, Plaintiff's FMLA leave should have lasted until September 17, 2020.

20. On August 20, 2020, Plaintiff emailed Josie Adkison and Tony Wojciechowski from HPT Human Resources and requested that HPT extend his approved leave of absence as an accommodation under the ADAA.

21. Plaintiff's physician completed and returned HPT's "Request for Accommodation" paperwork on August 24, 2020, indicating that he would re-evaluate Plaintiff's ability to return to work at his September 3, 2020, follow-up appointment.

4

22. On August 31, 2020, HPT terminated Plaintiff's employment.

23. On September 3, 2020, Plaintiff's physician approved Plaintiff to return to work with restrictions starting September 3, 2020.

24. Plaintiff's FMLA leave should have extended until September 17, 2020, and Plaintiff was able and willing to work before that date, on September 3, 2020.

## COUNT ONE

### FMLA INTERFERENCE AGAINST DEFENDANT HYUNDAI POWER TRANSFORMERS USA, INC.

25. Plaintiff re-alleges paragraphs 11-24 as if fully set forth herein.

26. Plaintiff was an employee of Defendant HPT for over three years and a qualified employee under the FMLA.

27. Defendant HPT was a covered employer under the FMLA because they employed more than 50 employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

28. Plaintiff was suffering from a serious medical condition that required open heart surgery and made HPT aware of his medical situation.

29. Plaintiff gave proper notice to Defendant HPT of his need and intent to take FMLA leave to address his medical condition. Plaintiff applied for and was

approved to utilize up to twelve (12) weeks of FMLA leave because of his medical condition.

30. Defendant HPT unlawfully interfered with Plaintiff's ability to take FMLA leave for the treatment of his medical condition and to recover from open heart surgery.

31. Defendant HPT unlawfully interfered with Plaintiff's ability to take twelve (12) weeks of FMLA leave and terminated him on August 31, 2020.

32. Plaintiff suffered damages as a result of Defendant's unlawful interference.

33. Plaintiff seeks declaratory and injunctive relief, award of lost wages and benefits, back pay, front pay, liquidated damages, costs, interest, attorney fees, and such other or further relief the trier of fact may assess.

## COUNT TWO

### FMLA RETALIATION AGAINST
### DEFENDANT HYUNDAI POWER TRANSFORMERS USA, INC.

34. Plaintiff re-alleges paragraphs 11-24 as if fully set forth herein.

35. Plaintiff was an employee of Defendant HPT for over three years and a qualified employee under the FMLA.

36. Defendant HPT was a covered employer under the FMLA.

37. Plaintiff was suffering from a serious medical condition that required open heart surgery and made HPT aware of his medical situation.

38. Defendant HPT had notice of Plaintiff's intent to take FMLA leave to address his medical condition.

39. Defendant HPT unlawfully retaliated against Plaintiff's for taking FMLA leave for the treatment of his medical condition and to recover from open heart surgery.

40. Defendant HPT terminated Plaintiff's employment on August 31, 2020, before he had exhausted his twelve (12) weeks of FMLA leave, which would have expired on September 17, 2020.

41. Defendant HPT notified Plaintiff of his termination while he was still on FMLA leave and recovering from open heart surgery.

42. Defendant HPT's termination of Plaintiff was proximate to and causally connected to his request for FMLA leave to tend to his urgent medical needs.

43. As a proximate result of Defendant HPT's unlawful conduct, Plaintiff suffered emotional distress, humiliation, mental anguish, embarrassment, and financial loss.

44. Plaintiff seeks declaratory and injunctive relief, award of lost wages

7

and benefits, back pay, front pay, liquidated damages, costs, interest, attorney's fees, and such other or further relief the trier of fact may assess.

### COUNT THREE

### ADAA FAILURE TO ACCOMMODATE CLAIM AGAINST HYUNDAI POWER TRANSFORMERS USA, INC

45. Plaintiff re-alleges paragraphs 11-24 as if fully set forth herein.

46. Plaintiff had an actual or perceived disability.

47. Plaintiff requested as an accommodation under the ADAA that HPT extend his approved leave of absence until October 28, 2020, and that he be allowed to return to his job.

48. HPT denied Plaintiff's request for accommodation and terminated Plaintiff's employment on August 31, 2020.

49. As a proximate result of Defendant HPT's unlawful conduct, Plaintiff was caused to suffer emotional distress, humiliation, mental anguish, embarrassment, and financial loss.

50. Plaintiff seeks declaratory and injunctive relief, award of lost wages and benefits, back pay, front pay, compensatory damages, punitive damages, costs, interest, attorney fees, and such other or further relief the trier of fact may assess.

## COUNT FOUR

## ADAA TERMINATION CLAIM AGAINST HYUNDAI POWER TRANSFORMERS USA, INC.

51. Plaintiff re-alleges paragraphs 11-24 as if fully set forth herein.

52. Plaintiff requested as an accommodation under the ADAA that HPT extend his approved leave of absence until October 28, 2020, and that he be allowed to return to his job.

53. HPT denied plaintiff's accommodation request and terminated his employment on August 31, 2020.

54. HPT terminated Plaintiff's employment because he had an actual or perceived disability.

55. As a proximate result of Defendant HPT's unlawful conduct, Plaintiff suffered emotional distress, humiliation, mental anguish, embarrassment, and financial loss.

56. Plaintiff seeks declaratory and injunctive relief, award of lost wages and benefits, back pay, front pay, compensatory damages, punitive damages, costs, interest, attorney's fees, and such other or further relief the trier of fact may assess.

WHEREFORE, Plaintiff Stanley Champion respectfully requests this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them from discriminating against employees who have an actual or perceived disability, from denying reasonable accommodations to persons with disabilities, or interfering with employees who request FMLA leave.

B. Order Defendant HPT to institute and carry out policies, practices, and programs that provide equal provisions and employment opportunities for all employees, and which eradicate the efforts of past and present unlawful employment practices, including implementing a policy against discrimination based on disability status and for engaging in the protected activity of exercising FMLA leave;

C. Order Defendant to make Plaintiff whole by providing reinstatement, back pay, front pay, costs, interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, compensatory and punitive damages;

D. Award Plaintiff compensatory, punitive, and liquidated damages;

E. Award Plaintiff costs and expenses herein, including reasonable attorney fees; and,

F. Award such other and further relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES**

Respectfully submitted,

/s/ KDH
Kenneth D. Haynes (ASB-6190-h36k)
Attorney for Plaintiff Stanley Champion

**OF COUNSEL:**
**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama 35226
Phone: (205) 879-0377
Fax:    (205) 879-3572
Email: kdhaynes@haynes-haynes.com

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL:**

**Hyundai Power Transformers USA, Inc.**
**215 Folmar Parkway**
**Montgomery, AL 36105**